UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JENNIFER REYNOLDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:09-CV-619 |
| | § | |
| | § | |
| ENCORE WIRE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION REGARDING MOTION FOR SUMMARY JUDGMENT

Now before the Court is Defendant Encore Wire Corporation's Motion for Summary Judgment (Dkt. 25). Having reviewed the record before it, the Court finds that there are sufficient issues of material fact to be presented to a jury and that summary judgment should therefore be DENIED at this time.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

ANALYSIS

In this employment discrimination suit, Plaintiff claims she was paid less than male counterparts and ultimately terminated because of her gender. Plaintiff asserts claims under Title VII, the Equal Pay Act and the Lilly Ledbetter Fair Pay Act of 2009. In support of her summary judgment response, Plaintiff has offered deposition testimony, sworn statements, and performance evaluations, among other evidence. The Court has reviewed the record and finds that Plaintiff has offered more than conclusory allegations and that her claims shall be presented to a jury for resolution.

*Equal Pay Claims*

The Equal Pay Act prohibits discrimination "between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which [the employer] pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). "[I]n order to establish a claim under the Equal Pay Act, the plaintiff must show (1) that her employer is subject to the Act; (2) that she performed work in a position requiring equal skill, effort and responsibility under similar working conditions; and (3) that she was paid less than members of the opposite sex." *Jones v. Flagship Int'l,* 793 F.2d 714, 722-723 (5th Cir. 1986). To establish that her male counterparts engage in "equal work," the plaintiff need only prove that the "skill, effort and responsibility" required in the performance of the jobs is "substantially equal." *Id.* (citing *Pearce v. Wichita County, City of Witchita Falls, Texas Hospital Bd.,* 590 F.2d 128, 133 (5th Cir.1979)). "The Act necessarily requires a plaintiff to

compare her skill, effort, responsibility and salary with a person who is or was similarly situated." *Id.*

After the plaintiff has shown that she is paid less than an employee of the opposite sex for substantially equal work, the burden of proof shifts to the employer to show that the differential is justified under one of the Act's four exceptions. *Plemer v. Parsons-Gilbane,* 713 F.2d 1127, 1136 (5th Cir. 1983). The Equal Pay Act provides exceptions for disparate wage payments "made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality; or (iv) a differential based on any other factor other than sex." 29 U.S.C. § 206(d)(1). These exceptions "are affirmative defenses on which the employer has the burden both of production and of persuasion." *Plemer,* 713 F.2d at 1136. Even a legitimate, non-discriminatory reason for the pay differential will not justify summary judgment where plaintiff is able to show that defendant's proffered reasons are a pretext for gender discrimination. *Id.*

It is undisputed here that Defendant is subject to the Equal Pay Act, and it appears from the record before the Court that Plaintiff was paid less than some male counterparts. Whether Plaintiff performed work requiring equal skill effort and responsibility as those male counterparts is highly disputed. Having reviewed the record, the Court finds that there is a genuine issue of fact as to this element of Plaintiff's prima facie case regarding her Equal Pay Act claims. As recently noted by a Southern District of Texas Court, "[u]ltimately, whether two jobs require equal skill, effort, and responsibility, and are performed under similar working conditions is a factual determination. Given the fact intensive nature of the inquiry, summary judgment will often be inappropriate." *Wojciechowski v. National Oilwell Varco, L.P.* 2011 WL 121739, 9 (S.D. Tex. 2011) (internal

4

citations omitted).  The Court finds that these matters are best presented to a jury for resolution.

Similarly, the Court finds that there are genuine issues of material fact as to whether the reasons given for the disparate wage treatment – such as the other employees' prior sales experience and salaries – are pretextual are issues of credibility and fact best reserved for a jury. *Perales v. American Retirement Corp.*, 2005 WL 2367772, 6 (W.D. Tex. 2005) ( "[T}he credibility and weight to be given to defendant's explanation for the pay differential in this case is a matter properly left to the consideration of the jury."); *Wojciechowski v. National Oilwell Varco, L.P.*, 2011 WL 121739, 13 (S.D. Tex. 2011).  Because Plaintiff has created a genuine issue of material fact regarding whether Defendant's decision to pay her male counterparts more was not motivated solely by gender neutral factors, the motion for summary judgment on her Equal Pay Act claims is denied.

*Title VII Claims*

Plaintiff also brings claims under Title VII.  Along with prohibiting discrimination based on gender, Title VII prohibits discrimination in compensation based on an individual's gender.  42 U.S.C. § 2000e-2(a)(1).  While Plaintiff's pleadings are not wholly clear to the Court, it appears Plaintiff brings Title VII claims arising out of both discrimination in compensation and discrimination resulting in her termination.  The Court finds that there is a fact issue as to these claims as well.

The Fifth Circuit has set forth a specific rubric under which this Court must analyze the summary judgment record in the employment discrimination context.  The modified *McDonnell Douglas* test is used when analyzing claims for gender discrimination under Title VII. *Manning v.*

*Chevron Chemical Co., LLC*, 332 F. 3d 874, 881 (5th Cir. 2003). Under the modified *McDonnell Douglas* approach, a plaintiff must demonstrate a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973); *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *Willis v. Coca Cola Enters., Inc.,* 445 F.3d 413, 420 (5th Cir. 2006). In order to establish a *prima facie* case of gender discrimination, a plaintiff must show: (1) she is a member of a protected group; (2) she was qualified for the position; (3) an adverse employment action occurred; and (4) she was replaced by a person not in the protected group. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509, 113 S. Ct. 2742, 125 L. Ed.2d 407 (1993).

Once established, the *prima facie* case raises a presumption of discrimination which the defendant must rebut by articulating legitimate, nondiscriminatory reasons for its actions. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed.2d 105 (2000); *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-56, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981). The burden on the employer at this stage is one of production, not persuasion, and does not involve any assessment of the employer's credibility. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

Once the defendant produces evidence of a legitimate, nondiscriminatory reason for the adverse action, "the presumption of discrimination created by the plaintiff's *prima facie* case disappears and the plaintiff must meet its ultimate burden of persuasion on the issue of intentional discrimination." *Machinchick v. PB Power, Inc.,* 398 F.3d 345, 350 (5th Cir. 2005). Consequently, the burden shifts back to the plaintiff to show that either: (1) the defendant's reason is not true, but

6

is instead designed to serve as pretext for unlawful discrimination; *or* (2) that the defendant's reason, while true, is not the only reason for its conduct, and another "motivating factor" is the plaintiff's protected characteristic. *Id.* at 351-52; *Rachid,* 376 F.3d at 312 (citation omitted). "[T]he plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer." *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th. Cir. 2007).

Likewise, to make out a *prima facie* case of discrimination in compensation under Title VII, a plaintiff must show that she was a member of a protected class and that she was paid less than a non-member for work requiring substantially the same responsibility. *Taylor v. United Parcel Service, Inc.*, 554 F.3d 510, 522 -523 (5th Cir. 2008). If Plaintiff sets forth a *prima facie* case, the case is analyzed under the *McDonnell Douglas* framework outlined above. *Id.*

Just as there is a fact issue as to whether Plaintiff performed work requiring equal skill effort and responsibility as her male counterparts, there is a fact issue here as to whether Plaintiff was qualified for the positions held by her male counterparts and whether Plaintiff's work required substantially the same responsibility. And, as noted above, whether Defendant's neutral explanations for her disparate treatment are pretextual is a matter of credibility best reserved for the jury. The record contains sufficient evidence to create fact issues as to Plaintiff's claims, and Defendant Encore Wire Corporation's Motion for Summary Judgment (Dkt. 25) is DENIED.

**SO ORDERED.**
**SIGNED this 24th day of March, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE